Tyler Kobylinksi, Esq.
CA Bar No.: 354717
Morgan & Morgan, P.A.
633 W. 5th Street, Suite 2200
Los Angeles, CA 90071
Tel: (213) 757-6072 Fax: (213) 757-6172
E-mail: tkobylinski@forthepeople.com
*Local Counsel for the Plaintiff*

C. Ryan Morgan, Esq.
*Pro hac vice forthcoming*
Florida Bar No. 15527
Jolie N. Pavlos, Esq.
*Pro hac vice forthcoming*
Florida Bar No,: 0125571
MORGAN & MORGAN, P.A.
20 N. Orange Avenue, Suite 1400
Orlando, FL 32801
Telephone: (407) 418-2069
Facsimile: (407) 245-3401
E-mail: rmorgan@forthepeople.com
jpavlos@forthepeople.com
*Attorneys for Charles Brown and the Class*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| **CHARLES BROWN, on his own behalf and on behalf of those similarly situated,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**WASATCH VALLEY PIZZA, LLC,**<br><br>**Defendant.** | CASE NO.<br><br>**COMPLAINT & DEMAND FOR JURY TRIAL**<br>**(Collective Action Complaint)** |

Plaintiff, CHARLES BROWN, on his own behalf and on behalf of those similarly situated ("Plaintiff"), was an employee of Defendant, WASATCH VALLEY PIZZA, LLC ("Wasatch Valley Pizza" or "Defendant"), and brings this action for unpaid minimum wages, liquidated damages, declaratory relief and other

relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## INTRODUCTION

1. Defendant operates and/or operated numerous Pizza Hut franchise stores in Utah. Defendant employs and/or employed delivery drivers who use their own automobiles to deliver pizza and other food items to Defendant's customers. However, instead of reimbursing delivery drivers for the reasonably approximate costs of the business use of their vehicles, Defendant used a flawed method to determine reimbursement rates that neither reimburse the drivers for their actual expenses, nor at the IRS business mileage rate which is legally required and a reasonable approximation of those expenses. This under-reimbursement causes their wages to fall below the applicable minimum wage during some or all workweeks.

2. Plaintiff brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* to recover unpaid minimum wages owed to Plaintiff and similarly situated delivery drivers employed by Defendant at its Pizza Hut pizza stores.

### Jurisdiction and Venue

3. The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

4. Venue in this District is proper under 28 U.S.C. § 1391 because Defendant resides in this District.

### Parties

5. Defendant is a Kansas limited liability company maintaining its principal place of business at 770 The City Drive S #8000, Orange, California 92868. Defendant may be served via its registered agent, C T Corporation, 1108 E South Union Avenue, Midvale, UT 84047, or wherever they may be found.

6. Upon information and belief, Defendant owns/owned and operated approximately 38 or more Pizza Hut stores in Utah. *See* https://www.sterlinglp.com/news-article/sterling-investment-partners-portfolio-company-american-west-restaurant-groupacquires-wasatch-valley-pizza.

5. Plaintiff was employed by Defendant from approximately October 2023 to June 2024 as a delivery driver in Utah. Plaintiff's consent to pursue this claim under the FLSA is attached to this Original Complaint as "Exhibit 1."

## General Allegations

### *Defendants' Business*

6. Defendant operates and/or operated numerous Pizza Hut Pizza franchise stores in Utah.

7. Defendant's Pizza Hut pizza stores employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to Defendant's customers' homes or workplaces.

8. During Plaintiff's employment with Defendant, Defendant earned more than $500,000.00 per year in gross sales.

9. During Plaintiff's employment with Defendant, Defendant employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

10. Included in such goods, materials and supplies were food and drink products, cash registers, cleaning supplies, marketing materials, signs and other equipment and supplies needed to operate a pizza franchise and which originated from outside state lines.

11. Therefore, Defendant is a covered enterprise as defined by the FLSA.

### *Defendants' Flawed Automobile Reimbursement Policy*

12. Defendant requires its delivery drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

13. Defendant's delivery drivers incur(red) costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizza and other food items for the primary benefit of Defendant.

14. Pursuant to the Department of Labor Field Operations Handbook, employers are required to either: (1) track and reimburse delivery drivers for their actual expenses, or (2) reimburse delivery drivers at the IRS business mileage reimbursement rate. Moreover, the IRS business mileage reimbursement rate represents the reasonable approximation of delivery drivers' actual expenses.

15. Defendant's delivery driver reimbursement policy reimbursed drivers on a per-mile basis, but the reimbursement is not based on delivery drivers' actual expenses. Moreover, the reimbursement amount is below the IRS business mileage reimbursement rate or a reasonable approximation of the cost to own and operate a motor vehicle. This policy applied to all of Defendant's delivery drivers.

16. During the applicable FLSA limitations period (2021 – 2024), the IRS business mileage reimbursement rate ranged between $.56 and $.67 per mile. Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the AAA, have determined that the average cost of owning and operating a vehicle ranged between $.64 and $.82 per mile during the same period for drivers who drive 15,000 miles per year. See https://newsroom.aaa.com/wp-content/uploads/2021/08/2021-YDC-Brochure-Live.pdf (2021 driving cost analysis) and https://newsroom.aaa.com/wp-content/uploads/2024/09/YDC_Fact-Sheet-FINAL-9.2024.pdf (2024 driving cost analysis).

17. However, the driving conditions associated with the pizza delivery business cause even more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendant's delivery drivers further experience lower gas mileage and higher repair costs than the average driver used to determine the average cost of owning and operating a vehicle described above due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

18. Defendant's reimbursement policies do not reimburse delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicle, and thus Defendant uniformly failed to reimburse its delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendant's benefit.

19. Defendant's systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendant such that the hourly wages it pays to Plaintiff and Defendant's other delivery drivers are not paid free and clear of all outstanding obligations to Defendant.

20. Defendant failed to reasonably approximate the amount of their drivers' automobile expenses to such an extent that its drivers' net wages are diminished beneath the federal minimum wage requirements.

21. In sum, Defendant's reimbursement policies and methodology fail to reflect the realities of delivery drivers' automobile expenses.

*Defendant's Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations*

22. Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendant's reimbursement formula has resulted in an

unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal minimum wage.

23.　During the time Plaintiff performed deliveries on Defendant's behalf, Plaintiff was paid $8.50 per hour.

24.　During the time Plaintiff worked for Defendant as a delivery driver he was reimbursed just $1.00 per delivery.

25.　Plaintiff estimates each delivery was approximately six (6) miles roundtrip; meaning Defendant's reimbursement policy reimbursement Plaintiff at approximately $.17 per mile.

26.　Plaintiff further estimates he made approximately 2-3 deliveries per hour; meaning he drove approximately twelve (12) to eighteen (18) miles per hour.

27.　During the relevant time period, the IRS business mileage reimbursement rate ranged between $.56 and $.67 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates. Using the *lowest* IRS rate and the approximate rate per mile Plaintiff was making per mile driven ($.17 per mile) in effect during that period as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job decreased his net wages by at least $.39 ($.56 - $.17) per mile.

28.　During his employment with Defendant, Plaintiff regularly drove approximately twelve (12) to eighteen (18) (or more) miles per hour. Thus using even a conservative under-estimate of Plaintiff's actual expenses and damages, every hour on the job decreased Plaintiff's net wages by *at least* $4.68 ($.39 x 12 miles).

29.　All of Defendant's delivery drivers had similar experiences to those of Plaintiff. They were subject to the same reimbursement policies; received similar reimbursements; incurred similar automobile expenses; completed deliveries of

similar distances and at similar frequencies; and were paid at or near the minimum wage before deducting unreimbursed business expenses.

30. Because Defendant paid its drivers a gross hourly wage at or near the applicable minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to Defendant an amount sufficient to cause minimum wage violations.

31. While the amount of Defendant's actual reimbursements per delivery may vary over time, Defendant is relying on the same flawed policy and methodology with respect to all delivery drivers at all of their other Pizza Hut pizza stores. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

32. The net effect of Defendant's flawed reimbursement policy is that Defendant has willfully failed to pay the federal minimum wage to its delivery drivers. Defendant thereby enjoys ill-gained profits at the expense of its employees.

33. Indeed, Defendant has long been on notice that the wages it pays delivery drivers violates minimum wage laws, reflecting their willful failure to pay appropriate reimbursements. *See, e.g., Zellagui v. MCD Pizza, Inc.*, 59 F.Supp.3d 712, 716 (E.D. Pa. Nov. 3, 2014) ("When minimum wage law requires an employer to reimburse an employee for using the employee's vehicle for the employer's benefit, the employer should reimburse the employee at the IRS per mile rate or keep detailed records of the employees' expenses to justify another reimbursement rate); Dep. of Labor Field of Operations Handbook § 30c15(a), *available at* https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/FOH_Ch30.pdf.

**Collective Action Allegations**

34. Plaintiff brings Count I as an "opt-in" collective action on behalf of similarly situated delivery drivers pursuant to 29 U.S.C. § 216(b).

35. The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

36. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendant's practice of failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendant's records, and potential class members may be notified of the pendency of this action via mail and electronic means.

37. Plaintiff and all of Defendant's delivery drivers are similarly situated in that:

   a) They have worked as delivery drivers for Defendant delivering pizza and other food items to Defendant's customers;
   b) They have delivered pizza and food items using automobiles not owned or maintained by Defendant;
   c) Defendant required them to maintain these automobiles in a safe, legally-operable, and insured condition;
   d) They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendant;
   e) They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;
   f) They were subject to the same pay policies and practices of Defendant;
   g) They were subject to the same delivery driver reimbursement policy that under-estimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

      h) They were reimbursed similar set amounts of automobile expenses per delivery or per-mile; and

      i) They were paid at or near the minimum wage before deducting unreimbursed business expenses.

**Count I: Violation of the Fair Labor Standards Act of 1938**

38. Plaintiff reasserts and re-alleges the allegations set forth in paragraphs 1 – 37 as though fully set forth herein.

39. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

40. Defendant is subject to the FLSA's minimum wage requirements because they are an enterprise engaged in interstate commerce, and its employees are engaged in commerce.

41. At all relevant times herein, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

42. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

43. Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

44. As alleged herein, Defendant has reimbursed delivery drivers less than either (1) their actual expenses, or (2) the IRS business mileage rate, which is a reasonably approximate amount of their automobile expenses. This under-

reimbursement diminishes these employees' wages beneath the federal minimum wage.

45. Defendant knew or should have known that their pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage.

46. Defendant, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

47. Plaintiff and all similarly situated delivery drivers are victims of uniform and employer-based compensation and reimbursement policies. These uniform policies, in violation of the FLSA, have been applied, and continue to be applied, to all delivery driver employees in Defendant's stores.

48. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses, within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether its conduct was unlawful.

49. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant is not liable for liquidated damages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

50. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees. Accordingly,

Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and the Class demand judgment against Defendant and pray for: (1) compensatory damages; (2) liquidated damages, (3) costs of litigation and attorney's fees as provided by law; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated:  November 1, 2024         **MORGAN & MORGAN, P.A.**

By: /s/ Tyler Kobylinski
Tyler Kobylinksi, Esq.
CA Bar No.: 354717
633 W. 5th Street, Suite 2200
Los Angeles, CA 90071
Tel: (213) 757-6072
Fax: (213) 757-6172
E-mail: tkobylinski@forthepeople.com
*Local 83-2.1.3.4 Counsel for Plaintiffs*